**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2024RCCV00443**

AMANDA N. HEATH
JUN 20, 2024 10:35 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

PHILLIP RIFFE,                     )
                                      )
    **Plaintiff,**                  )
                                        )          **CIVIL ACTION FILE NO.**
**vs.**                            )
                                        )          _____
**VETERAN GOLFERS ASSOCIATION**   )
**and JOSHUA PEYTON,**             )
                                        )
    **Defendants.**                 )

## COMPLAINT

COMES NOW Phillip Riffe, Plaintiff, and files this complaint against Defendants Veteran Golfers Association and Joshua Peyton, and respectfully shows this Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff is a citizen of the State of Georgia and is subject to the jurisdiction of this court.

2.

Defendant Veteran Golfers Association (hereafter "VGA") is a foreign non-profit corporation organized and existing under the laws of the State of North Carolina. Defendant VGA does not have a registered agent in the State of Georgia and may therefore be served through the Secretary of State of Georgia as provided in O.C.G.A. §14-3-1510(b).

3.

Defendant VGA transacts business in the state of Georgia and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 14-2-510(b).

1

4.

Defendant VGA has been properly served with the Summons, Complaint, and process in this action pursuant to O.C.G.A. §14-3-1510.

5.

Defendant Joshua Peyton (hereafter "Peyton"), at all times alleged herein, was a resident of the State of North Carolina and operating his motor vehicle within the territorial limits of the State of Georgia. Defendant Peyton may therefore be served through the Secretary of State of Georgia as provided in the Georgia Nonresident Motorists Act, O.C.G.A. §40-12-1, *et. seq*.

6.

Defendant Peyton is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §§ 40-12-1 and 40-12-3, respectively.

7.

Defendant Peyton has been properly served with the Summons, Complaint, and process in this action pursuant to O.C.G.A. § 40-12-2.

8.

This action for damages because of torts, wrong, or injury done originated in Richmond County, Georgia.

**Factual Background**

9.

On April 7, 2023, Plaintiff was lawfully operating his vehicle traveling east in the left through lane on Washington Road near the exit for the Circle K store at 2916 Washington Road in Augusta, Richmond County, Georgia.

10.

At approximately the same time and place, Defendant Peyton exited from the Circle K store and attempted to turn left onto Washington Road.

11.

Defendant Peyton failed to yield to oncoming traffic, attempted to cross three lanes of traffic, and entered into Plaintiff's lane of travel causing a collision with Plaintiff's vehicle, which constitutes negligence.

12.

The impact of the collision caused significant damage to Plaintiff's vehicle.

13.

The impact of the collision caused significant injury to Plaintiff.

14.

At all times alleged herein, Plaintiff was exercising reasonable care for his own safety and the safety of others and was completely free of any negligence in the collision.

15.

Defendant Peyton was operating his vehicle within the course and scope of his employment with Defendant VGA.

**Count I – Negligence**

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Defendant Peyton's negligent actions include, but are not limited to, one or more of the following statutory violations: Failure to Yield while Turning Left (O.C.G.A. § 40-6-71), Failure to Yield while Entering Roadway (O.C.G.A. § 40-6-73), Failure to Exercise Due Care (O.C.G.A. § 40-6-241), and Reckless Driving (O.C.G.A. § 40-6-390), each of which constitutes negligence *per se*.

18.

As a result of Defendant Peyton's negligence, Plaintiff suffered injuries and damages.

### Count II – Negligent Hiring, Training, & Supervision

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At all times material to this Complaint, Defendant VGA had a duty to properly train and supervise the actions of its employees, including Defendant Peyton, who was acting within the course and scope of his employment.

21.

Defendant VGA created an unreasonable risk of harm to Plaintiff and others by failing to properly train and adequately supervise, control, or otherwise monitor the activities of its agent and/or employee, Defendant Peyton.

22.

As a direct and proximate result of Defendant VGA's negligent training, hiring, and supervision, Plaintiff suffered the injuries and damages alleged herein, all for which Plaintiff is entitled to recover from Defendant VGA.

### Count III – *Respondeat Superior*

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

At the time of the collision referenced herein, Defendant Peyton was acting within the course and scope of his employment as an agent, servant, and/or employee of Defendant VGA.

25.

At the time of the collision referenced herein, Defendant Peyton was operating the automobile in connection with business operations of Defendant VGA and was performing duties related to the conduct of the business of Defendant VGA.

26.

Consequently, Defendant VGA is liable to Plaintiff for all injuries, losses, and expenses set forth herein under the doctrine of *respondeat superior* and other laws/principles of agency.

### Count IV – Damages

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a direct result of Defendants' combined acts of negligence as described herein, Plaintiff suffered personal injuries, damages, and expenses for which he is entitled to be compensated by Defendants, including, but not limited to:

(a)    Interference with normal living;

(b)    Interference with enjoyment of life;

(c)    Impairment of bodily health and vigor;

(d)    Fear of extent of injury;

(e)    Shock of impact;

(f)    Actual pain and suffering, past and future;

(g)    Mental anguish, past and future;

(h)    Loss of the capacity to labor and earn money;

(i)    Lost earnings and other economic losses;

(j)    Disability and disfigurement;

(k)    Property damage; and

(l)    Consequential damages to be proven at trial.

29.

As a direct and proximate result of Defendants' combined acts of negligence as described herein, Plaintiff has incurred medical expenses to date totaling approximately $161,319.16, for which he is entitled to recover from Defendants.

## **Jury Demand**

30.

Plaintiff hereby demands trial by jury of twelve (12) in this action.

WHEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants, jointly and severally, for all injuries, damages, losses, and expenses alleged herein, all in an amount to be determined by the enlightened conscience of fair and impartial jurors, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of June, 2024.

*/s/ Garon Muller*

GARON O. MULLER
STATE BAR NO. 789666
ATTORNEY FOR PLAINTIFF

BURNSIDE LAW FIRM LLP
POST OFFICE BOX 15636
AUGUSTA, GEORGIA  30919
(706) 432-8320
GARON@BURNSIDEFIRM.COM